LINDA M. TIRELLI, ESQ.
Tirelli & Wallshein, LLP
50 Main Street, Suite 405
White Plains, New York 10606
Phone: (914) 732-3222 Fax:
(914) 517-2696
ltirelli@tw-lawgroup.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
IN RE:

                                        **CHAPTER 13**

    Gerald G. Smith,

              **DEBTOR**                    **CASE NO. 16-22029- RDD**
---------------------------------------------------------------X
U.S. BANK TRUST, N.A., AS TRUSTEE
OF THE IGLOO SERIES III                    **OBJECTION**
              **MOVANT**
V.

GERALD G. SMITH
              **RESPONDENT**
---------------------------------------------------------------X

**DEBTOR'S OBJECTION TO MOTION OF BSI FINANCIAL SERVICES, AS SERVICER FOR U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III TRUST, FOR RELIEF FROM THE AUTOMATIC STAY REGARDING REAL PROPERTY**

**COMES NOW THE ABOVE-NAMED DEBTOR** Mr. Gerald Smith by and through his attorney of record, pursuant to Section 362 of Title 11 of the United States Code and hereby file this objection to the motion for relief from the automatic stay filed in this case by "U.S. Bank Trust, N.A., As Trustee Of The Igloo Series III" and move the court for a preliminary hearing on all issues raised by the allegations in this case and for a final hearing on all said issues and allegations. The Debtor also denies for the purpose of this response that the movant has established sufficient grounds to justify the entry of an order granting it relief from the automatic stay. DEBTOR HEREBY DENIES ALL ALLEGATIONS PRESENTED IN MOVANTS MOTION.

**I.    IMPORTANT FACTUAL BACKGROUND**

1. The Debtor, Gerald Smith (hereinafter "Debtor" or "Respondent" or "Smith"), filed for protection under Chapter 13 of the United States Bankruptcy Code of the United States ("the Petition") on January 22, 2016. All creditors received notice.

1. At the time of filing and at all times relevant, Debtor is the owner of a house located at 2 Overhill Road, Greenburgh, NY.

2. Prior to filing his Chapter 13 Bankruptcy, the Debtor did borrow a first home mortgage loan in the amount of $468,750.00 from a lender known as "WMC Mortgage Corp" on or about November 30, 2006. ( hereinafter the "Smith Loan")

3. Based upon information and belief, Weyerhaeuser Mortgage Company ("WMC") was owned by GE Money Bank, part of General Electric Co., the parent company.

4. Based upon information and belief, WMC Mortgage Corp ceased to exist early on in the national mortgage crisis closing in or about December 2007.

5. On or about May 19, 2016, Proof of Claim No. 3-1 was filed in the instant ch 13 bankruptcy case. The proof of claim identifies alleged secured creditor, "PROF -2013-S3 Legal Title Trust, by U.S. Bank National Association, as Legal Title Trustee" (hereinafter U.S.Bank") and further identifies "Specialized Loan Servicing LLC" (hereinafter "SLS") as the party to receive notices.

6. Based upon information and belief, Specialized Loan Servicing LLC is, at best, a mere mortgage servicer.

7. In support of its Proof of Claim, U.S.Bank attached an image of what is purporting to be the promissory note signed by the Ch 13 Debtor, Gerald Smith on November 30, 2006. The Court may take judicial notice the note depicted in the Proof of Claim 3-1 (copy

attached as Exhibit "A") appears to bear an undated specific indorsement to "Arch Bay Asset Backed Securities Trust 2010-2" by "Alex Arguello, Asst. Sect. WMC Mortgage Corp." The indorsement is a rubber stamp signature with handwritten "Arch Bay Asset Backed Securities Trust 2010-2". There is no indication who wrote in the specific indorsement or with what authority.

8. US Bank further offers a single page bearing the caption, "Allonge to Note" at the top. As demonstrated below, this Allonge is not permanently affixed to the promissory note, does not bear the same hole punch marks as the image of the Note offered by U.S. Bank. The Allonge is neither dated nor notarized. This Allonge purports to be executed by "Claudio Chavez, Authorized Signatory" for Arch Bay Asset-Backed Securities Trust 2010-2 endorsing (something?) to "U.S. Bank, National Association, Not in Its Individual Capacity But Solely as Trustee for the RMAC Trust, Series 2013-1T". The Debtor avers the allonge is not an indorsement to the promissory note.

9. US Bank further offers a second single page bearing the caption, "Note Allonge" at the top. As demonstrated below, this purported Allonge is not permanently affixed to the promissory note, does not bear the same hole punch marks as the image of the Note offered by U.S. Bank. The Allonge is neither dated nor notarized. This Allonge purports to be executed by "Michael Clifford, Vice President" for "U.S. Bank, National Association, Not in Its Individual Capacity But Solely as Trustee for the RMAC Trust, Series 2013-1T, by Rushmore Loan Management Services LLC, its appointed attorney in fact". The Court may take judicial notice there is nothing offered to indicate Rushmore Loan Management Services LLC had a power of attorney or any other authorization to create this purported allonge for U.S. Bank. Said purported allonge indicates the

document is a blank indorsement. The Debtor avers this allonge is not an indorsement to the promissory note.

10. U.S. Bank further offers an alleged mortgage recorded in the Westchester County land records, identifying the Debtor, his property and the promissory note. MERS is named as a nominee of the originating lender, WMC Mortgage Corp., for purposes of recording the mortgage.

11. MERS is not mentioned on the promissory note.

12. At all times relevant, MERS never held the Smith promissory note.

13. Further attached to Proof of Claim 3-1 is an Assignment of Mortgage which indicates in the language of the assignment, that MERS assigns <u>both</u> the Mortgage and the Note to BAC Home Loans, LP FKA Countrywide Home Loans Servicing LP on July 13, 2010. This alleged assignment was recorded on the land records on August 23, 2010 by McCabe Weisberg & Conway, P.C., a well known foreclosure mill law firm in Westchester County, New York. The Name of lawyer, Jason Brooks appears on the recording page of this purported assignment.[1]

14. There is nothing offered by US Bank, the claimant and Movant, to explain how or when MERS acquired interest in the promissory Note or that MERS ever had the authority to transfer the asset to BAC Home Loans, LP FKA Countrywide Home Loans Servicing LP.

15. The Court should take judicial notice that both "BAC Home Loans" and "Countrywide Home Loans Servicing LP" were merely mortgage servicers and did actually own promissory notes.

---

[1] The court should know that it was Attorney Jason Brooks of the McCabe Weisberg Conway firm who later filed a foreclosure complaint against the Debtor on December 10, 2010. Said complaint alleges the Debtor was in default since October 01, 2008. Hence the loan assignment post-default.

16. The Debtor avers this first assignment presented to this court to be bogus and fabricated from whole cloth in anticipation of litigation.

17. US Bank next offers a second assignment of mortgage and note from BAC Home Loans, LP FKA Countrywide Home Loans Servicing LP as assignor to "Arch Bay Holdings, LLC – Series 2010B" as assignee. The court may take judicial notice that this assignment is signed by Debbie Kiss as Assistant Vice President of BAC Home Loans, LP FKA Countrywide Home Loans Servicing LP, but is not dated above her signature. The document is notarized on April 4, 2011. The assignee "Arch Bay Holdings, LLC – Series 2010B" DOES NOT MATCH THE endorsee handwritten into the rubber stamped indorsement which reads, "Arch Bay Asset-Backed Securities Trust 2010-2".

18. The Debtor avers this second assignment presented to this court to be bogus and fabricated from whole cloth in anticipation of litigation.

19. US Bank next offers a third assignment – this time it is an assignment of mortgage only from Arch Bay Holdings, LLC – Series 2010B to U.S. Bank, National Association, Not in Its Individual Capacity But Solely as Trustee for the RMAC Trust, Series 2013-1T as assignee. Said third assignment is notarized on August 29, 2013.

20. The court may take judicial notice that this third assignment was created by "TD Service Company" with an address of 4000 W. Metropolitan Drive, Suite 400, Orange, CA 92868.

21. According to online records maintained by Bloomberg private company research https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=4500527 , TD Service Company with the same address maintains a website as follows: www.TDSF.com which boasts its services to the mortgage industry and default services including the ability to clean a collateral file from imperfections and create, execute and

record assignments.

https://www.firstam.com/mortgagesolutions/solutions/cleanfilesolutions/collateral-file-perfection.html .

22. The Debtor avers the third assignment of mortgage only is a bogus document.

23. US Bank next offers a fourth assignment of mortgage only from U.S. Bank, National Association, Not in Its Individual Capacity But Solely as Trustee for the RMAC Trust, Series 2013-1T as assignor to "PROF 2013-83". Said fourth alleged assignment is notarized, post-petition, on February 3, 2016.

24. This fourth assignment, like the third assignment, is also created by the TD Service Company, a document production company serving the mortgage servicing industry.

25. The Debtor avers this fourth assignment is a bogus assignment.

26. After reviewing the filed Proof of Claim and the lack of any clear chain of transfers to evidence standing of the claimant, the undersigned requested opposing counsel produce the original loan collateral file for inspection.

27. On May 29, 2018 inside a conference room at the US Bankruptcy Court, SDNY located at 300 Quarropas Street, White Plains NY, opposing counsel produce the collateral file for the inspection by the undersigned and Attorney Nicole Black and the Debtor. Attorney Black photographed the file including the note and allonges. Attorney Black's affidavit is attached hereto as **Exhibit B.**

28. Also on May 29, 2018, during a status conference, this Court also examined the Note and unattached series of allonges on record.

29. The undersigned advised that if the parties could not come to an agreement the Debtor would object to the claim due to lack of standing.

30. On or about July 31, 2018 opposing counsel filed the instant Motion for Relief From Stay on behalf of U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III. Despite there being 2 notices of transfer of claim, the Debtor demonstrates below that none of the series of claimants and certainly not the Movant, were ever a holder with standing to bring the instant Motion for Relief From Stay.

31. The supporting documents attached to the instant motion are the same as those attached to the Proof of Claim 3-1 except that the Movant did not include the recording page for the 2011 assignment and – Movant added TWO (2) more assignments as follows:

   a. An assignment of mortgage only from PROF2013-S3 Legal Title Trust By US Bank National Association, as Legal Title Trustee ( Assignor) to US ROF III Legal Title Trust 2015-1 By US Bank National Association, as Legal Title Trustee.  This assignment of mortgage only is executed by a known robosigner, Melanie Arndt, and was prepared by ME Wileman, another familiar robo signer, both of who worked for and owned a document production company known as Orion.  The recording page indicates the document was submitted by Meridian Asset Services, another document production company.  This fifth assignment is dated post-petition December 7, 2016and was recorded on November 17, 2017. The Debtor avers this is yet another bogus fake assignment.

   b. An assignment of mortgage **AND** Note only from US ROF III Legal Title Trust 2015-1 By US Bank National Association, as Legal Title Trustee (Assignor) to US Bank Trust N.A. as Trustee of the IGLOO Series III Trust (Assignee).  This sixth assignment was prepared by the Collateral Department of Meridian Asset Services Inc.  It is dated August 4, 2017.  There is no indication as to how or when the alleged assignor obtained the Note. Said sixth assignment is executed by

>  "Scott Gilbert, Manager of US ROF III Legal Title Trust 2015-1 By US Bank National Association, as Legal Title Trustee, By Preston Ridge Partners III, LLC, Its Attorney In Fact" and indicates a "Power of Attorney" to be recorded along with this assignment, however there is no Power of Attorney attached. The Court should know that Meridian Asset Services is a document production company which maintains a website www.meridianassetservices.com  Offering variety of services to the mortgage industry.  One can only assume the Collateral Department includes recreation of a collateral loan file, including the fabrication of assignments.   The Debtor avers this is yet another in a series of bogus fake assignments offer to induce the Court's reliance.
>
>  Attached as **Exhibit C** is a detailed summary with exhibits following the chain of transfers as set forth by the Movant and Claimant(s) in the instant case.

## II.    FAILURE TO BRING MOTION IN THE NAME OF THE REAL PARTY IN INTEREST AND LACK OF STANDING

32. The Smith  loan could not have been acquired by Movant  via the multiple allonges offered which do not qualify as allonges as they are not affixed to the note as demonstrated by Attorney Black's photographs of the Note and Allonges attached to her affidavit.

33. The Smith loan was also not acquired by the series of bogus fake assignments offered in support of the instant motion.  The fact is, MERS never had the Note and therefore the first assignment breaks the chain of title.  MERS could not have ever assigned the note.  The remaining assignments speak for themselves. Some allege to be assigning the mortgage only and some allege to be assigning the mortgage and the note together.  The chain is not consistent and is broken.

34. The Debtor avers that in addition to not being the current holder or owner of the Note and

Mortgage, **U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III** is also not an agent of the actual owner or holder as it is not a servicer, a sub-servicer or a default-servicer of the debt. **U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III** has failed to establish any relationship to the Debtor's Note or Mortgage.

## II. LEGAL ARGUMENT: LACK OF REQUIRED DOCUMENTATION AND FRAUD ON THE COURT

35. The Debtor avers that the purported Allonges annexed to US Bank's proof of claim and the instant motion for relief from stay are bogus and do not qualify as Allonges under NYS law. New York's Uniform Commercial Code section U.C.C. § 3-202(1) states, in relevant part, that "negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order, it is negotiated by delivery with any necessary endorsement. . . ." The next subsection, U.C.C. § 3-202(2), requires that an endorsement "be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto so as to become a part thereof." Indeed, under U.C.C. § 3-201(3), "negotiation takes effect only when the indorsement is made and until that time there is no presumption that the transferee is the owner."[2] Further, under New York law the rule is that "Without an indorsement a transferee cannot be a holder."[3]

---

[2] See Consolidated Capital Corp. v. DeSalvo, 146 Misc. 2d 437, 550 N.Y.S.2d 803 (N.Y. Civ. Ct. 1990).

[3] See Uniform Commercial Code, § 3-201, subd [3]; also, Uniform Commercial Code, § 3-201, Official Comment, No. 7, p 101. as cited in National Bank of North America v. Flushing Nat'l Bank, 72 A.D.2d 538, 538-539 (N.Y. App. Div. 1st Dep't 1979)

36. The operative section of New York's UCC (cited as CLS UCC § 3-202(2)) requires indorsement on the instrument itself "or on a paper so firmly affixed thereto as to become a part thereof" in order to effectuate a valid assignment of the entire instrument."[4]  This rule is in agreement with the commentary to this section of New York's UCC which lists as authority cases following the same proposition of law from throughout the Country. These cases stand for such basic propositions as "assignment of vendor's lien note, without endorsement upon instrument itself, was not in compliance with provisions of UCC § 3-202(2) or commercial practices governing such transaction."[5]  The official commentary also cites for a controlling proposition of law holding regarding allonges "[a] document purporting to transfer and assign promissory note which was never attached to note did not serve as effective endorsement of note under UCC § 3-202(2)."[6]  A Massachusetts decision relied upon in the New York commentary held that "that payee's signing of instrument that assigned note did not constitute indorsement of note under UCC § 3-202(2) because assignment instrument was not so firmly affixed to note as to be part thereof."[5]

The Official Comment Number 3 further states that *" … a separate paper pinned or clipped to an instrument is not sufficient for negotiation.  The indorsement must be on the instrument itself or on a paper intended for the purpose which is so firmly affixed to the instrument as to become an extension or part of it.  Such a paper is called an allonge"*.

---

[4] Slutsky v Blooming Grove Inn, Inc. (1989, 2d Dept) 147 App Div 2d 208, 542 NYS2d 721
[5]  Penny v Kelley (1975, Tex Civ App 9th Dist) 528 SW2d 330, 18 UCCRS 454   [6]  Billas v Dwyer (1976) 140 Ga App 774, 232 SE2d 102, 21 UCCRS 157.
[5] Duxbury v Roberts (1983) 388 Mass 385, 446 NE2d 401.

37. Perhaps no Court which has examined this issue has been more thorough and held a purported creditor accountable than US Bankruptcy Court, SDNY which addressed this very issue (see In re Pinnock Case No.16-23508(rdd) Oct. 31, 2018 Bankr. SDNY ).

38. Lastly, as to the question of the use of any allonge at all in this case, it should be known to the Court that the State of New York has not adopted the Revised article 3 of the UCC, something of which US Bank and its counsel might not be aware.  The Law of New York embraces the "No-Space" test which traces its roots to an ancient case called Watson's Executors v. McLaren[8], where the Court held "it is a general rule that no person can be considered as a party to a bill, unless his name, or the name of the firm of which he is a partner, appear on some part of it." Again: "If there be not room on the bill, others may be added on an annexed paper called *un allonge*."  This earliest statement -more than a century old - authorizing the use of an allonge in New York law remains the law of the day in that it may be said an allonge is only proper when there is no space upon the document for the necessary indorsement sought to be entered.  Such cannot be said to be the case with this document.  Page 4 of the purported Note leaves nearly 2/3 of a full page available for the purpose of indorsement.  There is also presumably a full blank back side of the last page of the note.  The court can draw an inference that the use of any allonge is improper in this case.

39. The Debtor objects to the court accepting the images attached to the Motion or the Proof of Claim as truthful when statute and case law can only be read to require a physical inspection of the original Note and make a finding of fact. Because the allonge is not firmly attached to the promissory note so as to become part of it, and because there was at all times available space on the promissory note for the indorsement

[8] 19 Wend. 557, 567-568 (N.Y. Sup. Ct. 1838)

which is found instead on the purported allonge, said allonge is required to be excluded from the evidence in this case .

40. For the reasons set forth herein above, the Debtor avers that the Movant has fabricated the Allonges to hold the same out to be some kind of indorsements for the purpose of enticing the court's reliance on said falsities . As set forth in the multiple assignments recorded on the land records, the Movant lacks integrity in that there are numerous false documents recorded on the land records pertaining to the Smith loan and therefore the movant is capable of producing false documents and inserting the same in the public record. The bogus MERS Assignment of Mortgage and Note is attached to the Movant's proof of claim and the Motion for Relief From Stay – both submitted to this Court under oath. When taken in context of the whole case, it is clear the Movant's motives are to create an illusion of a complete chain of transfer where none exists. The Movant filed the bogus allonges with this court knowingly and with the intention of deceiving the court. The Movant has committed fraud upon the court, the debtor, the chapter 13 trustee and all creditors and parties of interest in this case.

41. Clearly the MERS assignment of mortgage and note presented by the Movant in its proof of claim and the allonges presented in both the proof of claim and Motion for Relief From Stay this case are manufactured documents intended to defraud the Court, the United States Trustee, the Debtor and all other parties effected by the instant bankruptcy case.

### III.  MOVANT LACKS STANDING AS PER APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE AND BANKRUPTCY PROCEDURE

42. In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of "who" can assert a claim as a holder, because pleading *and* standing issues which arise in the context of our federal court system. According F.R.Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the **real party in interest**."* (emphasis added)

43. A Motion for Relief From Stay, is a contested matter, governed by F. R. Bankr. P. 9014(a), which makes F.R. Bankr. Pro. 7017 applicable to such motions. F.R. Bankr. P. 7017 is, of course, a restatement of F. R. Civ. P. 17.

44. The Debtor avers that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner* of a note. Because the actual name of the actual note holder is not ascertainable , US Bank's very claim asserted via motion is defective and therefor every successor in interest also fails including U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III.

### IV.  MOVANT LACKS CONSTITUTIONAL STANDING TO SEEK RELIEF IN A FEDERAL COURT

45. The United States Constitution Article III §2 specifically limits the jurisdiction of the federal courts to "Cases or Contreversies." Justice Powell delivered the Opinion of the Supreme Court in the case of Warth v. Seldin addressing the question of standing in a federal court as follows:

"In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. This query involves both constitutional limitations on

federal court jurisdiction and prudential limitations on its exercise. In its constitutional dimension, standing imports judiciability: whether the plaintiff has made out a "case or controversy" between himself and the defendant within the meaning of Art.III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of judiciability, the standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant *his* invocation of federal –court jurisdiction and to justify exercise of the court's remedial powers on his behalf. Baker v. Carr 369 U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party…A Federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered "some threat or actual injury resulting from the putatively illegal action…" Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973)." Warth v. Seldin 422U.S.490, 498 (1975)

"Apart from this minimum constitutional mandate, this Court has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers. … even when the plaintiff has alleged injury sufficient to meet the "case or controversy" requirement, this Court has held that the **plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties**. E.g., Tilestion v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943)." Warth v. Seldin 422U.S.490, 499 (1975) (**emphasis added**)

46. The Debtor in the instant case reiterates that a party seeking relief in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999)*. Again, the minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. *Valley Forge Christian College v Americans United for Separation of Church & State, Inc., 454 U.S. 464, 473 (1982)*. Furthermore, in order to satisfy the requirements of Article III of the United States Constitution, any claimant asserting rights in a Federal Court must show he has personally suffered some actual injury as a result of the conduct of the adverse party. *Coyne, 183 F.3d at 494; Valley Forge, 454 U.S. at 472*.

47. Again, the Debtor avers that the Movant has failed to provide any credible proof of its standing as a real party in interest.

48. As set forth hereinabove, the Movant can make no assertions as to its own interest in the outcome of the instant claim it is making, nor does Movant make any mention of any perceived injury to itself. Instead, Movant presumably seeks to redress an alleged wrong to

what is presumed to be a third party or parties, (ie, the holder and owner of the Debtor's Note and Mortgage) and thus the Movant in the case at bar lacks standing in a federal court.

Movant cannot bring this claim without properly either identifying direct injury or threat of injury to itself or by joining a real party in interest.

49. The minimum constitutional requirements for standing in a federal court are: proof of injury in fact, causation and redressability. Valley Forge Christian College vs. Americans United for Separation of Church & State, Inc. 454 U.S. 464, 472 (1982). In its Motion for Termination of Automatic Stay, JP Morgan Chase refers to itself as a "secured creditor." (see first paragraph in both Movant's pleadings "Application" and "Supplemental Affirmation in Further Support of Motion for Temination of the Automatic Stay") However, the Movant has not shown that it has any stake in the ownership of the Note and Mortgage as either a holder or owner. Any attempt to indicate itself as an owner of the loan has been by way of fraudulent and misleading documents.

50. It is well anticipated that Movant will respond to this objection by asserting that the assignments, regardless of validity, are unnecessary. This phenomenon of submitting written assignments and then arguing they are of no consequence or otherwise "unnecessary," is not unique to the documents submitted in this Federal Court . In a February 2009 decision Wells Fargo Bank, N.A., as Trustee for First Franklin Mortgage Loan Trust 2006-FF15, Mortgage Pass Through Certificates, Series 2006-FF15 v. Sem M. Sait Aubin, et al 2009 NY Slip Op 50197(U) (copy attached) NY Supreme Court Judge Arthur Schack (now deceased) was concerned for the authenticity and motivation behind certain assignments in deciding a motion for summary judgment in a foreclosure action. J. Schack denied plaintiff's motion

expressing the court's reservations as to a series of two questionable assignments, "…the Court requires an explanation from an officer of plaintiff Wells Fargo explaining why, in the midst of our national subprime mortgage financial crisis, plaintiff Wells Fargo purchased from MERS, as nominee for First Franklin, a nonperforming loan." And further noted that the motion was denied without prejudice provided the moving party, but 60 days to provide documentation which in part would , "(2) an affidavit from an officer of plaintiff, WELLS FARGO BANK, N.A. AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15, explaining why plaintiff took the September 10, 2007 assignment of the instant nonperforming loan, 102 days in arrears, from MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC., as nominee for FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK; Wells Fargo v. Sait Aubin p. 6

51. J. Arthur Schack when presented with written assignments of questionable nature in foreclosure actions had routinely not permitted the Plaintiff to switch gears after submitting such writings to later claim that no writing is required. In fact , Judge Schack has taken the position that once a writing is submitted, the court will require a thorough and complete verification of its authenticity. Judge Schack has repeatedly denied plaintiffs motions in foreclosure actions requiring additional verification pertaining to the authenticity of submitted assignments. WELLS FARGO BANK, N.A., as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2006FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15 v. SEM M. SAINT AUBIN, ET. AL. 37401/07 Supreme Court of the State of New York, Kings County, Decided February 10, 2009. ; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee Under Pooling and Servicing Agreement Dated as of April 1, 2007 Securities Asset Backed Receivables, LLC Trust 2007-BR2 Mortgage Pass-through Certificates, Series 2007-br2 v.

LINDA BAILEY, ET. AL. 2009 NY Slip Op 50191(U) 3747/08 Supreme Court of the State of New York, Kings County Decided February 9, 2009.; INDYMAC BANK, FSB v. RANDOLPH BETHLEY; SONIA BADILLO ROSADO, ET. AL. 2009 NY Slip Op 50186(U) 9615/08 Supreme Court of the State of New York, Kings County Decided February 6, 2009.

52. The Debtor further objects to the falsified documents purporting to be assignments submitted to this court in support of its proof of claim and the instant motion for relief from stay. In fact, the so-called assignments have done little except to create a cloud on the public record and in this court proceeding by creating a discrepancy as to the chain of assignment of the mortgage.

**WHEREFORE,** the Debtor prays of the Court as follows:

A.  That Creditor's Motion for Relief from Stay be DENIED;

B.  That **U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III** and all parties identified in the bogus assignments be precluded from filing any amended, modified or substitute claim or further motions seeking relief from stay in this case;

C.  That the Debtor have and recover against **U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III** a sum to be determined by the Court in the form of actual damages;

D.  That the Debtor have and recover against **U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III** a sum to be determined by the Court in the form of statutory damages;

E.    That the Debtor have and recover against **U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III** a sum to be determined by the Court for punitive damages;

F.    That the Debtor have and recover against **U.S. BANK TRUST, N.A., AS TRUSTEE OF THE IGLOO SERIES III** a sum to be determined by the Court all legal fees and expenses incurred by her attorney(s); and

G.    That the debtor have such other and further relief as the Court may deem just and proper.

This the 8th Day of November, 2018.

   /S/ Linda M. Tirelli
Linda M. Tirelli, Esq.
Tirelli & Wallshein, LLP
Westchester Financial Center
50 Main Street, Suite 405
White Plains, NY 10606
Phone (914)732-3222 / Fax (914)517-2696
Email: LTirelli@TW-LawGroup.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
    UNITED STATES BANKRUPTCY COURT  SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
IN RE:

                                                  CHAPTER 13

    Gerald G. Smith,

            DEBTOR                                CASE NO. 16-22029- RDD
-----------------------------------------------------------------X

### CERTIFICATE OF SERVICE

Linda M. Tirelli, attorney for the debtor, hereby certifies to the Court as follows:

    1.      I am not a party for the foregoing proceeding;
    2.      I am not less than 18 years of age;
    3.      I have this day served a copy of the foregoing

**DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM STAY**

on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

KRISTA PREUSS, Esq. As
Chapter 13 Trustee
399 Knollwood Road, Suite 102
White Plains, NY 10603

Adam J. Friedman, Esq.  Friedman
Vartolo LLP
950 Third Avenue, 11th Floor
New York, NY 10022

White Plains, NY 10606
Phone: (914)732-3222

Gary R. Gjertsen
Clair & Gjertsen
4 New King Street, Suite 140
White Plains, NY 10604

Gerald G Smith
2 Overhill Road
Elmsford, NY 10523

**Dated**: White Plains, New York
        November 8, 2018

 By:   /s/ Linda M Tirelli, Esq.  Linda
       M. Tirelli, Esq.
       Tirelli & Wallshein, LLP
       Attorney for Debtor
       50 Main Street, Suite 405